IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PERRY J. FERRARA** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **FREDERICK HARRAN, et al** | : | NO. 07-0788 |

## ORDER

    **AND NOW**, this 11th day of September, 2007, upon consideration of the motion to dismiss (paper no. 6) filed by defendants Frederick Harran, William McCauley, Steven Moran, Joseph DiGiriliamo, the Council of Bensalem Township, Bensalem Township and Bensalem Police Force, it appearing that:

    a.    Plaintiff, a police officer in Bensalem Township, filed a civil action asserting claims under 42 U.S.C. §§ 1981, 1983, 1985, 1988; Title VII; 43 Pa. C.S. 1421 (hereinafter, the "Whistleblower law"); the Pennsylvania Constitution; the Pennsylvania Human Relations Act (hereinafter, the "PHRA"); and Pennsylvania common law. Plaintiff's claims arise from various adverse employment actions.

    b.    Defendants have jointly filed a motion for partial dismissal of the following claims: (1) all § 1983 claims implicating violations which occurred before February 27, 2005; (2) all claims under § 1985 praying for punitive damages against municipal defendants or individual defendants in their official capacities; (3) all claims under § 1981; (4) all claims under Title VII and the PHRA; and (5) plaintiff's claim under the Whistleblower law as to any violations occurring before August 31, 2007.

    c.    Plaintiff has not stated specific dates as to the violations alleged in his complaint. He need not do so under the Federal Rules of Civil Procedure.

    d.    Punitive damages are not available as a matter of law against a municipal defendant; nor are they available against an individual defendant sued in an official capacity; suit against an individual in his official capacity is duplicative of a suit against the municipality for which such official works.

    e.    To state a prima facie cause of action under § 1981, a plaintiff must allege that he is a member of a racial minority. <u>Ocasio v. Lehigh Valley Family Health Center</u>, 368 F. Supp. 2d 370, 377 (E.D. Pa. 2003), <u>aff'd</u>, 92 Fed. Appx. 876 (3d Cir. 2004).

    f.    Plaintiff has stipulated to voluntary dismissal of his claims under Title VII and the

        PHRA.  He has also stipulated to the dismissal of Bensalem Township Police Department and defendants McCauley, Moran and DiGiriliamo in their official capacities.

g.      The Whistleblower law provides a cause of action for violations occurring within 180 days of the complaint.  The 180-day limiting period is mandatory and a court has no discretion to extend it.  O'Rourke v. Pennsylvania Dep't of Corrections, 730 A.2d 1039, 1042 (Pa. Cmwlth 1999).

It is therefore **ORDERED** that:

1.      The motion to dismiss is **GRANTED in part and DENIED in part**.  The motion to dismiss plaintiff's claims under § 1983 and the Whistleblower law is **DENIED** pending identification of the particular dates upon which plaintiff suffered violations of those provisions.  The motion is **GRANTED** as to claims for punitive damages against municipal defendants and defendants sued in their official capacities**;** it is further **GRANTED** as to all claims under § 1981.   Plaintiff's claims under Title VII and the PHRA are **WITHDRAWN WITHOUT PREJUDICE**.  Claims against the Bensalem Police Department and against defendants and McCauley, Moran and DiGiriliamo in their official capacities are **DISMISSED**.

2.      The final day for discovery is **November 9, 2007**.

3.      Pretrial memoranda in accordance with Fed. R. Civ. P. 26 as amended, Local Rule 16.1©, and the rules of this judge as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association or on-line at www.paed.uscourts.gov, under Judge Shapiro's procedures) shall be filed as follows:

      Plaintiff – on or before **November 16, 2007**.
      Defendants – on or before **November 30, 2007**.

      Plaintiff shall propose stipulated facts in numbered paragraphs.  Defendants shall state agreement or disagreement with each of plaintiff's proposed stipulated facts and may counter-propose stipulated facts in numbered paragraphs to which plaintiff is obligated to respond prior to the final pretrial conference.

      All witnesses as to liability and damages should be listed.  Expert witnesses, including treating physicians who will offer opinions as to prognosis or causation, must be separately listed.  Only listed witnesses may testify at trial except by leave of court.  Any party who seeks to use deposition testimony at trial must submit deposition

designations, counter-designations and objections in the final pretrial memorandum.

If it is believed that any additional discovery is necessary, it must be specifically requested, with the justification stated, in the pretrial memorandum. Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at pretrial conferences listed in Fed. R. Civ. P. 16(c)(1-16), shall be specifically addressed in the final pretrial memorandum.

4.  Exhibits shall be submitted to chambers with the final pretrial memoranda. In accordance with Fed. R. Civ. P. 26(a)(3), listed exhibits shall be numbered and **premarked** for use at trial; no exhibits shall be listed unless they are already in the possession of opposing counsel. **Only listed exhibits may be used in the party's case-in-chief** except by leave of court.

5.  **Expert reports** in accordance with Fed. R. Civ. P. 26(a)(2) **shall be due for each party on or before the due date of that party's pretrial memorandum**. If the opposing party wishes to depose an expert, the deposition shall be taken before the final pre-trial conference, unless otherwise ordered by the court. An expert's testimony at trial shall be limited to the information provided by the due date of a party's pretrial memorandum.

6.  <u>**Any motions for summary judgment or other pretrial motions must be filed on or before the due date of the moving party's pretrial memorandum**</u>; an answer to any such motion must be filed within the time provided by Local Rule 7.1. No reply is contemplated. Oral argument on all motions will be heard at the final pretrial conference.

7.  The final pretrial conference is scheduled for **December 21, 2007** at **2:00 PM**. Trial counsel must attend. It is the responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference. **Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.**

**In addition to each trial counsel, the plaintiff and a representative of the defendants with <u>full authority</u> to settle the case shall attend. In the case of defendants, a representative from defendants' insurance carriers, if any, shall also attend with the requisite settlement authority. Telephone availability is not acceptable unless leave of court has been granted. Failure to comply with this order may result in SANCTIONS in accordance with the Federal Rules of Civil Procedure.**

7.  This case will be placed in the jury trial pool on **December 24, 2007**, subject to call on 48 hours notice in accordance with the standing rule of this court as published in <u>The Legal Intelligencer</u>. On or before the date of trial, the parties

shall submit points for charge and may <u>submit proposed voir dire questions or jury interrogatories, preferably on a computer disk.</u>

<u>/s/ Normal L. Shapiro</u>
Norma L. Shapiro, S.J.
